IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

EARL MAYFIELD,

    Plaintiff,

vs.                                                                 Civ. No. 98-699 LCS/JHG

NEW MEXICO DEPARTMENT
OF CORRECTIONS, et al.,

    Defendants.

## **MEMORANDUM OPINION AND ORDER**

This matter comes before the Court upon Defendants' [sic] New Mexico Department of Corrections, [sic] Motion for Summary Judgment for Failure to Comply with the Prison Litigation Reform Act, filed January 15, 1999, and hearing on the matter held on February 16, 1999. The New Mexico Department of Corrections Defendants [Defendants] argue that the Plaintiff has failed to exhaust his administrative remedies with respect to the constitutional claims. Consequently, the Defendants contend that those claims should be dismissed and that the Court should decline to exercise pendent jurisdiction over the remaining state claims.

42 U.S.C. §1997(e) states that "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." In this case, the Plaintiff filed an inmate grievance which stated that he was stabbed by gang members and that it is "[t]he custom of the prison administration ... to allow SNM prison gang members to roam the prison at will. This creates an unnecessary danger to all other inmates,

1

including [the Plaintiff]." Exhibit A (attached to Plaintiff Earl Mayfield's Response to New Mexico Department of Corrections Motion or Summary Judgment for Failure to Comply with the Prison Litigation Act, filed Jan. 15, 1999). The record indicates that this grievance was fully exhausted. This grievance, therefore, constitutes the basis for any constitutional claim the Plaintiff makes.

The Plaintiff's complaint contains 10 counts, some of which are constitutional claims and some of which are wholly state claims. To clarify which claims are constitutional and which are state claims, the Plaintiff represented at the hearing the following: Counts 1 (tort of outrage or intentional infliction of emotional distress) and 2 (prima facie tort) are constitutional claims; Plaintiff will withdraw Count 3 (false arrest/imprisonment); Counts 4 (civil conspiracy) and 5 (federal conspiracy) are constitutional claims; Counts 6 (aggravated battery), 7 (medical malpractice), and 8 (liability of medical facility) are state claims; Count 9 (constitutional rights violations including allegations of Eighth Amendment, procedural due process, privileges and immunities, and equal protection violations) is a constitutional claim; and Count 10 (negligent operation of building) is a state claim.

Of the Plaintiff's constitutional claims, I find that the inmate grievance clearly states a claim for violation of the Eighth Amendment's prohibition against cruel and unusual punishment. Accordingly, I make the following findings with respect to the Plaintiff's constitutional claims:

(A). Counts 1, 2, 4, and 5: To the extent that these counts implicate constitutional claims other than those founded on the Eighth Amendment, Counts 1, 2, 4, and 5 will be dismissed without prejudice for failure to exhaust administrative remedies.

(B). Count 3 is withdrawn.

(C).  Count 9:  I find that the Eighth Amendment claim has been exhausted.  The other claims of procedural due process, privileges and immunities, and equal protection violations should be dismissed without prejudice for failure to exhaust administrative remedies.

WHEREFORE,

IT IS ORDERED that Defendants' [sic] New Mexico Department of Corrections, [sic] Motion for Summary Judgment for Failure to Comply with the Prison Litigation Reform Act is granted in part.

IT IS FURTHER ORDERED that to the extent that Counts 1, 2, 4 and 5 implicate constitutional claims other than those founded on the Eighth Amendment, those Counts are dismissed without prejudice.

IT IS ALSO ORDERED that the Count 9 claims of procedural due process, privileges and immunities, and equal protection violations are dismissed without prejudice.

_____
Leslie C. Smith
United States Magistrate Judge