IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

EARL MAYFIELD,

    Plaintiff,

vs.   Civ. No. 98-699 LCS/JHG

NEW MEXICO DEPARTMENT
OF CORRECTIONS, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendant Correctional Medical Systems Inc.'s Motion for Summary Judgment, filed on April 15, 1999. The Court, having considered the pleadings, the record and the applicable law, finds that the Motion is well-taken in part and will be granted in part; the Court will also *sua sponte* dismiss the state-law claims against this Defendant without prejudice to their being refiled in State Court.

On November 18, 1996, Plaintiff Earl Mayfield, while incarcerated at the New Mexico Penitentiary, was stabbed several times. He was initially taken to the prison infirmary, and then transferred to St. Vincent's hospital for surgery. He was returned to the infirmary on November 23, 1999. Over the next three weeks Mayfield convalesced at the infirmary. He was put on a special diet and given antibiotics to prevent infection and Vicodin and Ibuprofen for pain. On December 11, 1996 his Vicodin was discontinued, he was prescribed Tylenol and he was discharged from the infirmary with directions to stay in bed for another week. His week of rest was extended for an additional seven days. On December 14, Mayfield began to experience

1

"insufferable" pain. On December 21, 1996 he filed a medical request to see a physician to treat his pain, to which the Defendant did not respond. Mayfield filed a second request on December 22, 1996 to which the Defendant also did not respond. Mayfield filed a grievance on December 23, 1996 and a third request on December 26, 1996. Plaintiff was seen in the infirmary on this date, but was not given stronger pain medication. Plaintiff filed a fourth request on December 28, 1999, and was taken to the infirmary on December 30, 1999, where he was x-rayed but still not given stronger pain medication. His pain from his wounds apparently decreased at that point; he did not request Vicodin after December 31, 1996 and does not complain about the medication or the treatment he received from January 1, 1997 until his parole in December of 1998.

Plaintiff claims that Defendant's failure to respond to his requests by providing pain medication stronger than Tylenol constituted deliberate indifference to a serious medical condition, which constitutes cruel and unusual punishment in contravention of the eighth amendment.

While a deliberate refusal to provide medical attention to a prisoner may give rise to an eighth amendment claim which is cognizable under 42 U.S.C. Sec. 1983, a disagreement over a particular course of treatment does not. *Green v. Branson*, 108 F.3d 1296, 1304 (10th Cir. 1997); *see also Perkins v. Kansas Dept. of Corrections*, 165 F.2d 803, 811 (10th Cir. 1999)  Although Mayfield's claim has been skillfully couched to appear to be a deliberate refusal to provide medical attention claim, his admission in paragraph eight of his affidavit that Defendant provided him with Tylenol throughout the 21 day period at issue renders this a disagreement over a particular course of treatment claim. Accordingly, Defendant's Motion for Summary Judgment

will be granted as to Plaintiff's 42 U.S.C. Sec. 1983 claim.[1]

The Court will *sua sponte* dismiss the rest of Plaintiff's claims against this Defendant. As to Plaintiff's federal civil conspiracy claim, the Court construes it as arising under 42 U.S.C. Sec. 1985. Because the Plaintiff has failed to allege that the actions taken against him by Correctional Medical Services Inc. were motivated by race-based or class-based animus, his federal civil conspiracy claim must be dismissed. *See Justice v. Coughlin*, 941 F.Supp. 1312, 1326 (N.D.N.Y. 1996).

Plaintiff's remaining claims: negligence, prima-facie tort, intentional infliction of emotional distress, false arrest/imprisonment, conspiracy, aggravated battery, medical malpractice, liability of medical facility and negligent operation of a building, are all state-law claims. When a federal court exercises supplemental jurisdiction over state law claims in addition to federal claims, if the federal claims are dismissed before trial, the federal court may decline jurisdiction over the state law claims. *See* 28 U.S.C. Sec. 1367 (a)(3). The general rule is that the Court should do so. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 725-26 (1966), cited in *Lancaster v. Independent School District No. 5*, 149 F.3d 1228, 1236 (10th Cir. 1998). 1346, 1354 (7th Cir. 1997). The Court will follow the general rule and dismiss these remaining claims without prejudice to their being refiled in state court.

NOW THEREFORE, IT IS ORDERED that Plaintiff's federal civil conspiracy claim is DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that Correctional Medical Systems Inc.,'s Motion for

---

[1] Although Plaintiff's Complaint and brief refer to constitutional *claims*, he briefed only the 8th amendment/ 42 U.S.C. Sec. 1983 claim. The Court will accordingly grant Defendant's Motion as to the unbriefed constitutional claims. See D.N.M.L.R.Civ 7.5(b).

Summary Judgment (docket entry #40) is GRANTED as to Plaintiff's other federal constitutional and federal statutory claims.

IT IS FURTHER ORDERED that all other claims against Correctional Medical Systems Inc. are DISMISSED WITHOUT PREJUDICE.

_____
Leslie C. Smith
United States Magistrate Judge